Argued and submitted October 5, appeal dismissed November 10, 2021

In the Matter of E. R. M.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
N. F. M.,
*Appellant.*
Umatilla County Circuit Court
20JU00382; A176309 (Control)

In the Matter of A. R. M.,
aka A. R. M., a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
N. F. M.,
*Appellant.*
Umatilla County Circuit Court
20JU00383; A176310

In the Matter of M. S. M.,
aka S. R., a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
N. F. M.,
*Appellant.*
Umatilla County Circuit Court
20JU00381; A176311

502 P3d 782

Robert W. Collins, Jr., Judge.

Kristen G. Williams argued the cause and filed the briefs for appellant.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and James, Judge.

PER CURIAM

Appeal dismissed.

**PER CURIAM**

Mother appeals from an order of the juvenile court denying her *pro se* motion to dismiss the court's dependency jurisdiction of her three children. She assigns error to the court's summary denial of her motion, without a hearing, and she argues that, because no hearing was held, no evidence was received, and, therefore, there was no evidence to justify continued jurisdiction. Mother requests that we reverse the order and direct dismissal of jurisdiction.

Mother was subsequently appointed counsel, who filed a new motion in the juvenile court to dismiss jurisdiction. That motion addresses the basis of jurisdiction and is currently scheduled for a hearing on December 9, 2021. The Department of Human Services (DHS) responds on appeal that mother had not requested a hearing in her *pro se* motion, that her *pro se* motion did not put at issue the jurisdictional basis of the jurisdictional judgment, and, in any event, that the issue of denial of the motion to dismiss without conducting a hearing is now moot.

We agree with DHS that this appeal is moot. "An appeal is moot when a decision on the main issue in controversy will no longer have a practical effect on the rights of the parties." *Dept. of Human Services v. C. T.*, 288 Or App 593, 599, 406 P3d 191 (2017), *rev den*, 362 Or 545 (2018). Assuming without deciding that denial of the *pro se* motion without a hearing was error, the remedy that would follow would be a decision remanding to the juvenile court for a hearing to be held on the *pro se* motion to dismiss. That disposition would afford both parties the opportunity to present or dispute evidence, and the juvenile court could then determine whether DHS continued to sustain its burden on the jurisdictional basis or bases. Because a hearing *is* now scheduled on mother's motion to dismiss, filed with the assistance of counsel, there is no relief that we could grant that would have any practical effect on mother's rights. *See Hamel v. Johnson*, 330 Or 180, 184, 998 P2d 661 (2000) ("a case becomes moot when an event occurs that render[s] it impossible for the court to grant effectual relief" (internal quotation marks omitted; brackets in *Hamel*)).

Appeal dismissed.